# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0759V
UNPUBLISHED

| | |
|---|---|
| SARAH FLORES and RYAN C. FLORES, on behalf of M.F., a Minor Child,<br><br>　　　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: February 1, 2021<br><br>Special Processing Unit (SPU); Ruling on Entitlement; Concession; Table Injury; Measles Mumps Rubella (MMR) Vaccine; Thrombocytopenic Purpura (ITP) |

*Diana Lynn Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL,* for Petitioner.

*Kyle Edward Pozza, U.S. Department of Justice, Washington, DC,* for Respondent.

### RULING ON ENTITLEMENT[1]

On May 30, 2018, Sarah and Ryan C. Flores filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), on behalf of their minor daughter, M.F. Petitioners allege that following the June 23, 2016 administration of a measles, mumps and rubella ("MMR") vaccine, M.F. experienced immune thrombocytopenic purpura ("ITP"). *See generally* Petition. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

On October 26, 2020, I issued Findings of Fact in which I determined that "Petitioners have succeeded in producing preponderant evidence to satisfy the Vaccine Act's severity requirement." ECF No. 50 at 8. In reaction, on January 19, 2021, Respondent filed an Amended Rule 4(c) Report stating that (while preserving his right to appeal the October 26, 2020 Fact Finding) he agrees that "petitioner has otherwise satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation ("QAI") for ITP." Respondent's Rule 4(c) Report at 3 (citing 42 C.F.R. § 100.3(a)(V), (c)(7)).

Specifically, Respondent stated as follows:

In light of the Chief Special Master's factual ruling finding that petitioners had met the Act's severity requirement, and the medical record evidence submitted in this case, [the Secretary] has concluded that petitioner's alleged injury is consistent with ITP as defined by the Vaccine Injury Table . . . Therefore, based on the record as it now stands and subject to his right to appeal the factual ruling, respondent does not dispute that petitioners have satisfied all legal prerequisites for compensation under the Act."

*Id.* at 7-8.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master