# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0759V
UNPUBLISHED

| | |
|---|---|
| SARAH FLORES and RYAN C. FLORES, on behalf of M.F., a Minor Child,<br><br>                      Petitioners,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                      Respondent. | Chief Special Master Corcoran<br><br>Filed: May 11, 2021<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Measles Mumps Rubella (MMR) Vaccine; Thrombocytopenic Purpura (ITP) |

*Diana Lynn Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL,* for Petitioner.

*Kyle Edward Pozza, U.S. Department of Justice, Washington, DC,* for Respondent.

**DECISION AWARDING DAMAGES**[1]

On May 30, 2018, Sarah and Ryan C. Flores filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), on behalf of their minor daughter, M.F. Petitioners allege that following the June 23, 2016 administration of a measles, mumps and rubella ("MMR") vaccine, M.F. experienced immune thrombocytopenic purpura ("ITP"). *See generally* Petition. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 1, 2021, a ruling on entitlement was issued, finding Petitioners entitled to compensation for ITP. On May 7, 2021, Respondent filed a proffer on award of

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

compensation ("Proffer") indicating Petitioners should be awarded a lump sum payment of $1,844.13 for past unreimbursable expenses as well as an amount not to exceed $40,000.00, for actual pain and suffering, to purchase an annuity contract pursuant to the terms set forth in the Proffer. Proffer at 3-4. In the Proffer, Respondent represented that Petitioners agree with the proffered award. *Id.* Based on the record as a whole, I find that Petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award the following compensation:**

**A. A lump sum payment of $1,844.13 representing compensation for past unreimbursable expenses, in the form of a check payable to Petitioners.**

**B. An amount not to exceed $40,000.00, representing compensation for actual pain and suffering, to purchase an annuity contract paid to the life insurance company (the "Life Insurance Company") from which the annuity will be purchased. The Life Insurance Company will agree to make lump sum payments to M.F. for all elements of compensation which M.F. would be entitled under Section 15(a) as follows:**

   **1. A certain lump sum of $13,061.14 payable on April 15, 2033.**
   **2. A certain lump sum of $21,575.90 payable on April 15, 2036.**
   **3. A certain lump sum of $22,822.02 payable on April 15, 2038.**

**The purchase price of the annuity shall neither be greater nor less than $40,000.00. In the event that the cost of the certain lump sum annuity payments set forth above varies from $40,000.00, the lump sum payment due on April 15, 2038, listed above, shall be adjusted to ensure that the total cost of the annuity is neither less than nor greater than $40,000.00. Should M.F. predecease the payment of any certain lump sums set forth above, any remaining certain lump sum payments shall be made to her estate. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of M.F.'s death.**

This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SARAH FLORES and RYAN C. FLORES, ) on behalf of M.F., a minor child, ) <br> ) <br> Petitioners, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND ) <br> HUMAN SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 18-759V <br> Chief Special Master Corcoran <br> ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On May 30, 2018, Sarah Flores and Ryan C. Flores ("petitioners"), on behalf of M.F., a minor, filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa-1 *et seq.* ("the Vaccine Act"). The petition alleges that M.F. received the measles, mumps, rubella ("MMR") vaccine on June 23, 2016, and thereafter suffered idiopathic thrombocytopenic purpura ("ITP"). On January 19, 2021, the Secretary of Health and Human Services ("respondent") filed an Amended Rule 4(c) Report advising that, in light of Chief Special Master Corcoran's Findings of Fact and Conclusions of Law, respondent did not dispute that petitioners had satisfied all legal prerequisites for compensation under the Vaccine Act. ECF No. 58. On February 1, 2021, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioners were entitled to vaccine compensation.[1] ECF No. 59.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's October 26, 2020, Findings of Fact and Conclusion of Law and February 1, 2021, entitlement decision.

1

I. **Items of Compensation**

    A. <u>Future Unreimbursable Expenses</u>

The parties agree that based upon the evidence of record, M.F. will not require future medical or rehabilitative care for her vaccine-related injury. Therefore, respondent proffers that petitioners should not be awarded future unreimbursable expenses on M.F.'s behalf under 42 U.S.C. § 300aa-15(a)(1)(A). Petitioners agree.

    B. <u>Lost Future Earnings</u>

The parties agree that based upon the evidence of record, M.F. will not suffer a loss of earnings capacity as a result of her vaccine-related injury. Therefore, respondent proffers that petitioners should not be awarded anticipated loss of earnings on M.F.'s behalf under 42 U.S.C. § 300aa-15(a)(3)(B). Petitioners agree.

    C. <u>Pain and Suffering</u>

Respondent proffers that M.F. should be awarded compensation for actual pain and suffering for her vaccine-related injury under 42 U.S.C. § 300aa-15(a)(4). Such compensation shall be in the form of an annuity as set forth in section II.B. below. The parties agree that it is unlikely that M.F.'s vaccine-related injury will cause her pain and suffering in the future. Petitioners agree.

    D. <u>Past Unreimbursable Expenses</u>

The parties agree that based upon the evidence of record, petitioners incurred past unreimbursable expenses of $1,844.13 as a result of M.F.'s vaccine-related injury. Therefore, respondent proffers that petitioners should be awarded past unreimbursable expenses on M.F.'s behalf under 42 U.S.C. § 300aa-15(a)(1)(B). Such compensation shall be in the form as set forth in section II.A. below. Petitioners agree.

E.      Medicaid Lien

The parties agree that there is no Medicaid Lien.

**II.    Form of the Award**

Based upon the evidence of record, respondent proffers, and the parties recommend, that compensation be made through a combination of a lump sum and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:

A.      A lump sum payment of $1,844.13 representing compensation for past unreimbursable expenses, in the form of a check payable to petitioners.

B.      An amount not to exceed $40,000.00 to purchase an annuity contract,[2] paid to the life insurance company[3] from which the annuity will be purchased (the "Life Insurance Company").[4]  The Life Insurance Company will agree to make lump sum payments to M.F. for all elements of compensation to which M.F. would be entitled under 42 U.S.C. § 300aa-15(a) §300aa-15(a), as follows:

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[4] Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

3

1. A certain lump sum of $13,061.14 payable on April 15, 2033.

2. A certain lump sum of $21,575.90 payable on April 15, 2036.

3. A certain lump sum of $22,822.02 payable on April 15, 2038.

The purchase price of the annuity described in this section II.B shall neither be greater nor less than $40,000.00. In the event that the cost of the certain lump sum annuity payments set forth above varies from $40,000.00, the lump sum payment due on April 15, 2038, listed above, shall be adjusted to ensure that the total cost of the annuity is neither less than nor greater than $40,000.00. Should M.F. predecease the payment of the any certain lump sums set forth above, any remaining certain lump sum payments shall be made to her estate. However, written notice to the Secretary of Health and Human Services and the Life Insurance Company shall be provided within twenty (20) days of M.F.'s death. Petitioners agree.[5]

---

[5] At the time payment is received, M.F. will be an adult, and thus guardianship is not required.

                                                           Respectfully submitted,

                                                           BRIAN M. BOYNTON
                                                           Acting Assistant Attorney General

                                                           C. SALVATORE D'ALESSIO
                                                           Acting Director
                                                           Torts Branch, Civil Division

                                                           HEATHER L. PEARLMAN
                                                           Acting Deputy Director
                                                           Torts Branch, Civil Division

                                                           /s/ Kyle E. Pozza
                                                           KYLE E. POZZA
                                                           Trial Attorney
                                                           Torts Branch, Civil Division
                                                           U.S. Department of Justice
                                                           P.O. Box 146
                                                           Benjamin Franklin Station
                                                           Washington, D.C. 20044-0146
                                                           Phone: (202) 616-3661
                                                           Fax:   (202) 353-2988
                                                           Kyle.Pozza@usdoj.gov

Dated: May 7, 2021