# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-0759V
(not to be published)

SARAH FLORES and RYAN C.,
FLORES, on behalf M.F., a Minor
Child,

             Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

             Respondent.

Chief Special Master Corcoran

Filed: September 6, 2022

Special Processing Unit (SPU);
Attorney's Fees and Costs

*Diana Lynn Stadelnikas, Maglio Christopher & Toale, PA, Sarasota, FL, for Petitioner.*

*Kyle Edward Pozza, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On May 30, 2018, Sarah and Ryan C. Flores filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), on behalf of their minor daughter, M.F. Petitioners allege that following the June 23, 2016 administration of a measles, mumps and rubella vaccine, M.F. experienced immune thrombocytopenic purpura. *See generally* Petition. On May 11,

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2021, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 67.

Petitioner filed a motion for attorneys' fees and costs, dated August 19, 2021, (ECF No. 75), requesting a total award of $102,760.89, representing $99,376.70 in fees and $3,384.19 in costs. Although, the motion was titled as an "interim" request, the motion was construed to be the final request since the case has concluded. Respondent did not file a response to Petitioner's motion for attorney's fees.

On March 3, 2022, Petitioner filed a motion for reconsideration on the decision on attorney's fees and costs. ECF No. 86. Petitioner claimed that there was additional work to be done on Petitioner's case and a final motion for attorneys' fees would be filed in this case. *Id*. A final motion for attorneys' fees and costs was filed on March 3, 2022, requesting a total amount of $109,259.00, representing $105,875.70 in fees and $3,384.19 in costs. ECF No. 87. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. ECF No. 75-3. Respondent did not file a response to Petitioner's final motion.

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates. The costs requested are also reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$109,259.89** (representing $105,875.70 in fees and $3,384.19 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. **Petitioner requests check be forwarded to mctlaw, 1605 Main Street, Suite 710, Sarasota, Florida 34236**. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.